IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BLUEFIELD

**WANDA L. YOKOSUK, Administratrix**
of the Estate of Stephen Z. Yokosuk,

    **Plaintiff,**

v.                                              Civil Action No.: 1:12-0229
                                            Judge:

**CITY OF BLUEFIELD,**

    **Defendant.**

### COMPLAINT

Plaintiff, Wanda L. Yokosuk, Administratrix of the Estate of Stephen Z. Yokosuk for her complaint against Defendant, City of Bluefield states as follows:

### INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. § 1983 and § 1988 and Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of West Virginia, against against the City of Bluefield for intentional and/or reckless acts of a government employee directed against another government employee.

2. The Plaintiff, Wanda L. Yokosuk, Administratrix of the Estate of Stephen Z. Yokosuk alleges that the conduct complained of herein was committed by a person or persons acting under color of state law and that the conduct deprived

the plaintiff's decedent of a constitutionally protected right. Plaintiff also alleges that these constitutional violations were committed as a result of the deliberate indifference towards the policies, staffing, training and customs of the City of Bluefield and its Police Department.

3. Plaintiff, Wanda L. Yokosuk, Administratrix of the Estate of Stephen Z. Yokosuk alleges that her son, Stephen Z. Yokosuk retained his Fourth Amendment right to be free from unreasonable seizure by a Bluefield police officer.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202.

5. Venue lies in the United States District Court for the Southern District of West Virginia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mercer County, West Virginia. 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff, Wanda L. Yokosuk, Administratrix of the Estate of Stephen Z. Yokosuk is an adult citizen and resident of Mercer County, West Virginia. She was duly appointed as the Administratrix of the Estate of Stephen Z. Yokosuk, her now deceased son, on December 15, 2010. See **Exhibit A**. The plaintiff, Wanda L. Yokosuk is acting in her capacity as personal representative of the said Estate in prosecuting this action.

7. At the time of his death, Stephen Z. Yokosuk was twenty-one (21) years of age, and was survived by his mother, Wanda L. Yokosuk.

8. Defendant City of Bluefield is located in Mercer County, West Virginia which is likewise located in the Southern District of West Virginia. It is a municipal corporation.

## BACKGROUND

9. On November 18, 2010 the decedent, Stephen Z. Yokosuk, passed out in his car at the McDonalds, in Bluefield, West Virginia on or around 4:00 PM.

10. That a McDonalds employee waived down an employee of the Bluefield Police Department at or around 8:19 P.M. to check on and assist the decedent, Stephen Z. Yokosuk.

11. Despite the fact that the decedent, Stephen Z. Yokosuk was not intoxicated, the defendants, instead of obtaining medical attention for the decedent, Stephen Z. Yokosuk, charged him with public intoxication and arrested him.

12. That during the entire time that the decedent, Stephen Z. Yokosuk was processed through the arrest and booking by the City of Bluefield Police Department, he remained in such a state that it was difficult to keep him awake.

13. After arresting and booking Yokosuk, he was placed in jail in that state and condition without any attempt to obtain him medical attention.

14. That the decedent, Stephen Z. Yokosuk was placed in a jail cell where he did not move or respond for the rest of the night nor the next morning.

15. Other inmates in the jail attempted to arouse the decedent, Stephen Z. Yokosuk but he did not respond although he was breathing.

16. That at no time during the night did anyone from the Bluefield City Police Department check on the medical condition of the decedent, Stephen Z. Yokosuk.

17. That in the morning while the decedent, Stephen Z. Yokosuk was still alive the inmates informed members of the Bluefield City Police Department that the

decedent, Stephen Z. Yokosuk had not moved at any time during the night and that he was unresponsive.

18. That the Bluefield City Police Department's response was to say that the decedent, Stephen Z. Yokosuk was a "drunk just sleeping it off" and therefore they did not give him any medical attention nor did anyone in the Bluefield City Police Department obtain any medical attention for the decedent, Stephen Z. Yokosuk.

19. That approximately two (2) hours after breakfast was served to the inmates the decedent, Stephen Z. Yokosuk was found dead in the jail cell.

20. That an autopsy report found that the decedent, Stephen Z. Yokosuk died of blood clots in his lungs which travelled up from his legs all of which were caused by him being in a state where he did not move for several hours.

21. That no alcohol was found in the decedent, Stephen Z. Yokosuk's, body or system.

## COUNT I

### 42 U.S.C. § 1983 against City of Bluefield

51. Plaintiff re-alleges and incorporates by reference ¶¶ 1–50.

52. Prior to November 18, 2010, the City of Bluefield and its Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons which caused the violation of Plaintiff's decedent's rights.

53. As a direct result of the City of Bluefield's deliberate indifference toward the staffing and training of its patrol officers, the Bluefield City Police Department was highly likely to inflict the injuries and death suffered by the decedent, Stephen Z. Yokosuk.

54. The intentional and reckless acts of the Bluefield City Police Department were a result of the City of Bluefield's deliberate indifference regarding the training and control of those officers.

55. Through its training and control of its patrol officers, the City of Bluefield was the moving force behind the Bluefield City Police Department.

56. It was the policy and/or custom of the City of Bluefield and its police department to fail to exercise reasonable care in training its police officers, thereby failing to adequately prevent constitutional violations on the part of its police officers.

57. It was the policy and/or custom of the City of Bluefield to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its police officers.

58. The above described polices and customs demonstrate a deliberate indifference on the part of the City of Bluefield to the constitutional rights of persons and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT II

### Violations of Fourth and Fourteenth Amendments

59. Plaintiff re-alleges and incorporates by reference ¶¶ 1–58.

60. Defendant City of Bluefield is liable for the violations of the decedent, Stephen Z. Yokosuk Fourth and Fourteenth Amendment rights by the Bluefield City Police Department use of unreasonable seizure and deprivation of life and liberty as described herein all of which lead to the death of the decedent, Stephen Z. Yokosuk.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Wanda L. Yokosuk, Administratrix of the Estate of Stephen Z. Yokosuk respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants conduct unconstitutional;

C. Award Plaintiff compensatory damages against Defendants;

D. Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendant City of Bluefield to adopt appropriate policies related to the training and supervision of its police officers; and

F.	Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

**WANDA L. YOKOSUK, ADMINISTRATRIX OF THE ESTATE OF STEPHEN Z. YOKOSUK**
By Counsel

/s/ *J. Michael Ranson*

------------------------

**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
**George B. Morrone, III State Bar # 4950**
RANSON LAW OFFICES, PLLC
Post Office Box 3589
Bluefield, West Virginia 25336-3589
(304) 345-1990
JMR@Ransonlaw.com

**Charles R. Webb State Bar #4782**
THE WEBB LAW FIRM PLLC
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
rusty@rustywebb.com